IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-41274 |
| | ) | |
| RONALD DEAN MUELLER and | ) | CH. 13 |
| TRACY MICHELLE MUELLER, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on December 12, 2007, on Debtors' Motion to Avoid Lien of General Collection Company (Fil. #29), and an Objection filed by General Collection Co. (Fil. #31). John T. Turco appeared for Debtors, and James Truell appeared for General Collection Co.

Debtors filed this motion pursuant to 11 U.S.C. § 522(f) to avoid a judicial lien held by General Collection Co. on real property occupied by Debtors as their residence. Debtors own the real property at 1107 North 6th Street, Nebraska City, Nebraska, as joint tenants with right of survivorship. On May 11, 2007, General Collection Co. recorded a judicial lien in the District Court of Otoe County, Nebraska, regarding a judgment it had obtained in the Otoe County Court against Ronald Mueller in the amount of $6,740.66. Debtor Tracy Mueller was not a defendant in the state court proceedings, and the judgment was entered against Ronald Mueller only.

The parties agree that the value of Debtors' residence is $85,000.00, and that Debtors have equity in that property in the amount of $18,076.00. The parties also agree that this case was filed prior to the recent change in Nebraska's homestead exemption and, therefore, the applicable homestead exemption is $12,500.00.

It is the position of General Collection Co. that its judgment against Ronald Mueller attached to his interest in the real estate as a whole. Thus, according to General Collection Co., when the $12,500.00 homestead exemption is subtracted from the equity of $18,076.00, there remains $5,576.00 in value to which the judgment lien can attach. It is unclear whether General Collection Co. has taken the position that its lien attaches to the entire $5,576.00 or only to an undivided one-half interest in that amount. In any event, it does not matter because I find that General Collection Co. is incorrect in the manner in which it calculated the extent of impairment of the exemption.

11 U.S.C. § 522(f) provides that a debtor may avoid a judicial lien against real estate to the extent such lien impairs an exemption to which the debtor would have been entitled. In this case, the exemption is the homestead exemption of $12,500.00 set forth in Neb. Rev. Stat. § 40-101.

In the case of *Connor v. McDonald*, 120 Neb. 503, 507, 233 N.W. 894, 896 (1931), the Nebraska Supreme Court stated:

> Did the judgments docketed during the existence of the homestead while occupied by the husband and the wife become liens on the husband's interest in the property on which the sheriff levied? The law is that there were no such liens, if the first mortgage, the other valid incumbrances, and the homestead exemption of $2,000 exceeded the value of the husband's undivided half interest in the real estate. Well established rules were formerly stated as follows:
>
> "The extent of a homestead is to be determined by the claimant's interest in the land, and not by the fee-simple value of the premises. In determining his homestead interest, valid mortgages and other liens are to be deducted from the value of the land, and not from the $2,000 homestead exemption." *Corey v. Plummer*, 48 Neb. 481.

After deducting the first and second mortgage liens from the value of the land, Debtors collectively have $18,076.00 in equity.[1]

Thus, the question becomes whether the $12,500.00 homestead exemption should then be subtracted from the total equity figure in order to determine the impairment of the exemption, or whether it should be subtracted solely from Mr. Mueller's undivided one-half interest in the real estate. The answer is found in Neb. Rev. Stat. § 40-102. It provides as follows: "If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of his wife from her separate property." Because there is nothing in the record to indicate that Mrs. Mueller consented to the homestead being selected from her separate property, it must be selected from the separate property of Mr. Mueller. *Connor*, 120 Neb. at 506, 233 N.W. at 896 (holding that a husband's undivided one-half interest in real estate supported the full homestead exemption).

Accordingly, Mr. Mueller's undivided one-half interest in the property is worth approximately $9,000.00, which is less than his homestead exemption of $12,500.00. The full exemption needs to be applied against his interest in the property. Since Mr. Mueller has no equity in the property above his exemption, the judgment lien of General Collection Co. impairs his exemption in the property and is subject to full avoidance under § 522(f).

---

[1] It appears the parties based this valuation on the scheduled amount of the mortgage claims. However, the mortgage lienholders have now filed their proofs of claim and the actual equity as of the date of filing was $15,378.94. Since my ruling will not be impacted regardless of which of the two figures is used, I will use the equity figure of $18,076.00 as stipulated by the parties.

  IT IS, THEREFORE, ORDERED that Debtors' Motion to Avoid Lien of General Collection Co. (Fil. #29) is granted.

  DATED: December 17, 2007.

              BY THE COURT:

              <u>/s Thomas L. Saladino</u>
              United States Bankruptcy Judge

Notice given by the Court to:
  *John T. Turco
  James Truell
  Kathleen Laughlin
  U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.